# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 03CR1770-J |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| JOANNE MENEELY, | |
| Defendant. | |

Before the Court is Defendant Joanne Meneely's ("Defendant") Motion to Dismiss Supervised Release Revocation Proceedings. [Doc. No. 37.] Plaintiff United States of America ("the Government") has filed an Opposition. [Doc. No. 40.] For the reasons stated below, the Court **DENIES** Defendant's Motion to Dismiss Supervised Release Revocation Proceedings.

## *Background*

On March 12, 2004, Defendant began serving a three-year term of supervised release. (*See* Pet. for Warrant at 1.) Defendant's term of supervised release was set to expire on March 12, 2007. (Mot. to Dismiss at 2.) On May 19, 2004, United States Probation Officer Cara McDonald filed a Petition for Warrant alleging that Defendant had violated conditions of her supervised release. (Pet. for Warrant at 2.) The Petition for Warrant was unsworn. (*See id.*) The Petition for Warrant set forth the following allegation of noncompliance:

> 1. Following her release, on March 12, 2004, Joanne Meneely failed to report to the probation office. Her current whereabouts are unknown.

(*Id.* at 2.)

On March 28, 2005, Ms. McDonald filed an Amended Petition for Warrant. [Doc. No. 30.] Unlike the original Petition for Warrant, the Amended Petition was sworn. (*See* Am. Pet. for Warrant.) The Amended Petition did not state the basis for probable cause on its face, but rather stated that probable cause was based on attached documents. However, the record did not show that any documents establishing probable cause accompanied the amended petition at the time the warrant was issued. This Court thus concluded that the amended petition was insufficient to support a finding of probable cause. [*See* Doc. No. 42.] The Court ordered supplemental briefing on the issues of whether Defendant received adequate notice of the conditions of supervised release and whether Defendant's term of supervised release was tolled. [*See id.*] Defendant and the Government filed supplemental briefs on these issues. [Doc. Nos. 45, 46.]

## *Discussion*

Defendant argues that she did not receive sufficient notice that failing to report to the probation office would constitute a basis for revocation of her supervised release. (Def.'s Supp. Mem. at 2.) Defendant further asserts that because she did not receive adequate notice of the conditions of supervised release, she was not a fugitive, and the term of her supervised release should not be tolled. (*Id.* at 3.) The Government argues that Defendant received actual notice of her obligation to report to probation upon her release from custody because she received oral notice of her obligation to report at her sentencing hearing. (Pl.'s Supp. Mem. at 3.) The Government further argues that Defendant signed a form acknowledging her obligation to report to probation when she was released from custody. (*Id.*) The Government asserts that because Plaintiff had notice of her obligation to report and failed to do so, she became a fugitive, and her supervised release term was tolled from the date she failed to report to probation as directed. (*Id.* at 2-3.)

**I. Defendant's Argument that She Received Insufficient Notice of the Conditions of Supervised Release**

Defendant alleges that the Court must dismiss the supervised release revocation proceedings because she did not receive sufficient notice that failing to report to the probation office would constitute a basis for revocation of her supervised release. (Def.'s Supp. Mem. at 2.) A district court's failure to provide a defendant with written notice of conditions of supervised release is not reversible error if the defendant received actual notice of those conditions. *See United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002). A defendant is deemed to have actual notice of the conditions of supervised release if she received oral notice of those conditions at her sentencing hearing. *See id.* at 1138-39; *United States v. Tapia-Marquez*, 361 F.3d 535, 536 (9th Cir. 2004). At Defendant's sentencing hearing, Judge Judith N. Keep imposed a period of three years' supervised release and instructed Defendant to "report to the probation officer as directed." (Rep.'s Tr. of Sentencing Hearing at 10, 12.) When Defendant was released from custody on March 12, 2004, she signed a Notice of Release and Arrival form that directed her to report to the probation office upon her discharge from custody. (*See* Notice of Release & Arrival at 1.) Specifically, the form stated that "[i]f you were sentenced to, or otherwise required to serve, a term of supervision, this term begins immediately upon your discharge from imprisonment, and you are directed to report for supervision within 72 hours." (*Id.*) The form further stated that "[f]ailure to obey the reporting requirements described above will constitute a violation of release conditions." (*Id.*)

The signed Notice of Release and Arrival form, combined with Judge Keep's instructions to Defendant that she report to the probation officer as directed, demonstrate that Defendant received actual notice of the requirement that she report to the probation office upon her release from custody. Judge Keep's admonition put Defendant on notice of her duty to report to probation as directed. The Notice of Release and Arrival form clearly set forth Defendant's obligation to report for supervision within 72 hours of her release from custody. The Court thus **FINDS** that Defendant received sufficient notice of the conditions of her supervised release.

**II. Defendant's Argument that She Was Not a Fugitive**

Defendant next argues that her term of supervised release was not tolled because she was not a fugitive under Ninth Circuit law. (Pl.'s Supp. Mem. at 3.) Specifically, Defendant argues that she cannot be considered a fugitive because she did not receive adequate notice of her obligation to report to probation upon her release from custody. (*Id.*)

This Court does not need a warrant to revoke Defendant's supervised release if, at the time of her arrest, the period of supervised release had not yet expired due to tolling. *See* 18 U.S.C. §§ 3583(e)(3) & 3606; *United States v. Murguia-Oliveros*, 421 F.3d 951, 952-53 (9th Cir. 2005). A term of supervised release can be tolled if a defendant was a fugitive for having violated the conditions of her supervised release. *See Murguia-Oliveros*, 421 F.3d at 955. "Tolling of a supervised release term extends the date the term is set to expire so long as the defendant remains a fugitive." *United States v. Delamora*, 451 F.3d 977, 979 (9th Cir. 2006). A defendant is deemed to be a fugitive if she "effectively absconded from serving the terms of [her] supervised release." *See id.* at 980 (finding that defendant became a fugitive when he failed to report to his probation officer and absconded from supervision); *Murguia-Oliveros*, 421 F.3d at 953 (same). If a defendant becomes a fugitive, the supervised release term is tolled from the date on which a warrant is issued for the defendant's arrest for failure to observe the terms of supervised release to the date on which the defendant's term of supervised release is set to expire. *See Murguia-Oliveros*, 421 F.3d at 955. The issuance of a warrant tolls the defendant's supervised release term even if the warrant is unsworn. *See id.*

Defendant argues that she was not a fugitive because she did not receive adequate notice of her obligation to report to probation upon her release from custody. However, as noted above, Plaintiff received actual notice of the terms of her supervised release via Judge Keep's oral instructions and the written instructions contained within the Notice of Release and Arrival. Despite the fact that Plaintiff received notice of her obligation to report, she "effectively absconded from serving the terms of [her] supervised release" by failing to report to probation at any time after her release from custody. *See Delamora*, 451 F.3d at 980; *Murguia-Oliveros*, 421 F.3d at 953. The Ninth Circuit has held that a defendant's failure to report to probation is

sufficient to trigger fugitive status. *See Delamora*, 451 F.3d at 980; *Murguia-Oliveros*, 421 F.3d at 953. The Court thus **FINDS** that Defendant was a fugitive for having failed to report to probation. Accordingly, Defendant's term of supervised release is tolled from the date on which a warrant issued for her arrest to the date on which her term of supervised release was set to expire. Because the original warrant for Defendant's arrest was recalled, the Court measures the tolling period from the date on which the second warrant issued to the date on which Defendant's term of supervised release was set to expire. The second warrant issued on March 28, 2005, and Defendant's term of supervised release was set to expire March 12, 2007. Defendant's term of supervised release was thus tolled for one year, eleven months, and twelve days past March 12, 2007. Defendant was arrested on March 23, 2007, well within the tolling period. Because Defendant's term of supervised release had not yet expired when she was arrested, the Court may properly assume jurisdiction to revoke supervised release. The Court therfore **DENIES** Defendant's Motion to Dismiss Supervised Release Revocation Proceedings.

## *Conclusion*

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Supervised Release Revocation Proceedings.

**IT IS SO ORDERED.**

DATED: May 18, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All counsel of record